IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MOHAMED F. EL-HEWIE<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WALMART ASSOCIATES, INC.,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:24-CV-00910-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Defendant Walmart Associates, Inc.'s Motion for

Summary Judgment.[1] For the reasons discussed hereinafter, the Court will grant the Motion.

I.  BACKGROUND

The following facts are generally undisputed by the parties. Plaintiff Mohamed F. El-

Hewie was hired by Defendant Walmart Associates ("Walmart") on August 19, 2019, as a trailer

tractor driver.[2] During the relevant period, Walmart used a performance tracking policy to track

and maintain records of its disciplinary actions. For less serious issues, Walmart issued an

"Occurrence," and for more serious issues, a "Step."[3] During his employment, it is undisputed

that Plaintiff received at least 12 Occurrences or Steps.[4] On December 16, 2021, Plaintiff

received a "Step 4" and was terminated on December 22, 2021.[5] Plaintiff alleges that Walmart's

---

[1] Docket No. 24.

[2] Docket No. 27, at 4.

[3] *Id*. at 3.

[4] *See id*. at 3–31.

[5] *Id*. at 29, 32.

disciplinary actions and his ultimate termination were the result of a discriminatory animus towards him based on his protected characteristics.

On December 9, 2024, Plaintiff filed his Complaint[6] against Defendant and raised four causes of action: (i) discrimination under Title VII on the basis of race, national origin, religion, and age; (ii) discrimination under the Americans with Disabilities Act ("ADA"); (iii) retaliation under Title VII; and (iv) retaliation under the Surface Transportation Assistance Act ("STAA"). On a partial Motion to Dismiss, this Court dismissed Plaintiff's claims for age discrimination and disability discrimination.[7] In his Response to Defendant's Motion for Summary Judgment, Plaintiff does not dispute the dismissal of his claims for retaliation under Title VII and STAA.[8] Accordingly, the sole surviving claim is discrimination under Title VII on the basis of race, national origin, and religion.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit."[10] A dispute is "genuine" where "a rational jury could find in favor of the nonmoving party on the evidence presented."[11] The party moving for summary judgment bears the "burden of showing that no genuine issue of

---

[6] Docket No. 1.

[7] Docket No. 19.

[8] Docket No. 27, at 40 n.4.

[9] Fed. R. Civ. P. 56(a).

[10] *Doe v. Univ. of Denv.*, 952 F.3d 1182, 1189 (10th Cir. 2020) (quoting *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015)).

[11] *Id.*

material fact exists."[12] Additionally, "if the matter in issue concerns an essential element of the nonmovant's claim, the moving party may satisfy the summary judgment standard 'by identifying a lack of evidence for the nonmovant on [that] element.'"[13] For the non-moving party to avoid summary judgment, it "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any material fact claimed to be disputed."[14] The Court must "view [the] facts in the light most favorable to the non-moving parties . . . [and] resolv[e] all factual disputes and reasonable inferences in their favor."[15]

### III.  DISCUSSION

Plaintiff alleges that Walmart discriminated against him on the basis of his race, national origin, and religion in violation of Title VII. Plaintiff concedes he has no direct evidence of animus but argues that circumstantial evidence sufficiently raises an inference of discrimination and establishes pretext. Claims of discrimination under Title VII that are based on circumstantial evidence are analyzed under the *McDonnell Douglas* burden-shifting framework.[16] Under this framework, "the plaintiff has the burden of presenting a prima facie case of discrimination."[17] If

---

[12] *Medlock v. United Parcel Serv., Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010) (quoting *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000)).

[13] *Id*. (quoting *Horizon*, 220 F.3d at 1189).

[14] *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1205 n.6 (10th Cir. 2008) (quoting *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988)).

[15] *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (*quoting Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013)).

[16] *Walkingstick Dixon v. Okla. ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 125 F.4th 1321, 1333 (10th Cir. 2025); *Lucero v. Sandia Corp.*, 495 F. App'x 903, 906 n.1 (10th Cir. 2012) (noting that, while separate claims, the analysis regarding race and national origin discrimination is essentially the same); *Stover v. Martinez*, 382 F.3d 1064, 1077 (10th Cir. 2004) ("The familiar *McDonnell Douglas* framework is equally applicable to religious discrimination claims, modified to reflect the particular factual situation at hand.").

[17] *Walkingstick Dixon*, 125 F.4th at 1331 (quoting *Throupe v. Univ. of Denv.*, 988 F.3d 1243, 1251 (10th Cir. 2021)).

successful, "[t]he burden then moves to the employer to articulate a legitimate, non-discriminatory reason for its actions. The burden then moves back to the plaintiff to 'prove the employer's articulated reasons are pretextual.'"[18]

There are several variations to the prima facie test.[19] Here, Plaintiff must show: (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination.[20] A plaintiff may raise such an inference in various ways, including but not limited to, "actions or remarks made by decision makers,"[21] "the timing or sequence of events leading to [the] plaintiff's termination,"[22] evidence "that the employer treated similarly situated employees more favorably,"[23] or "showing a nexus exists between [an] allegedly discriminatory statement and the company's termination decision."[24] The first two elements are undisputed. The parties disagree, however, whether Plaintiff has sufficiently raised an inference of discrimination, and if so, whether Walmart's legitimate, non-discriminatory reasons for its discipline and eventual termination of Plaintiff were pretextual.

Plaintiff argues that "he did not violate the rules or policies which Walmart asserts he did violate," and argues that is "enough to support an inference of a causal connection."[25] At the

---

[18] *Id*. (internal quotation marks and citation omitted).

[19] *Id*. at 1335 (collecting cases).

[20] *Id*. at 1331.

[21] *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (quoting *Plotke v. White*, 405 F.3d 1092, 1100, 1101 (10th Cir. 2005)).

[22] *Id*. (internal quotation marks and citation omitted).

[23] *Walkingstick Dixon*, 125 F.4th at 1335 n.6 (quoting *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1173 (10th Cir. 2005)).

[24] *Id*. (quoting *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir. 2000)).

[25] Docket No. 27, at 37.

same time, however, Plaintiff admits to engaging in conduct that amounted to all of the violations and does not otherwise dispute that the incidents occurred,[26] nor does he allege that all of the violations were a result of discrimination.[27] Indeed, the undisputed facts establish that Plaintiff engaged in the conduct that amounted to violations of Walmart's policies.[28] Rather, the essence of Plaintiff's argument is that Walmart's disciplinary actions against him were "irrational" and designed to make his life "miserable," which he contends is evidence of discrimination.[29]

For example, after receiving a disciplinary action for damaging a fuel nozzle by pulling his tractor away from a center fuel island without removing the nozzle, Plaintiff contends that it is "unjustified" and "malicious" to blame drivers for "poor design or mechanical failure."[30] Likewise, after receiving a disciplinary action for failing to communicate his estimated time of departure, he contends that "it [is] malicious to discipline a driver for failing to communicate his whereabouts where the company's technology tells driver managers a driver's whereabouts."[31] Plaintiff was also disciplined for moving his trailer while two other employees were still inside, actively unloading the trailer. Plaintiff, however, argues that "he did exactly what he had been

---

[26] *E.g.*, Docket No. 24-3, at 26:11–17, 38:16–39:4, 45:21–46:4, 48:4–10, 52:1–9.

[27] *Id*. at 22:10–13.

[28] Docket No. 27, at 2–34; *see Tapia v. City of Albuquerque*, 170 F. App'x 529, 533 (10th Cir. 2006) (finding that a nonmovant "cannot create a genuine issue of material fact with unsupported, conclusory allegations") (citation omitted).

[29] *E.g.*, Docket No. 24-3, at 41:12–13, 44:22–45:6, 46:7–47:25, 48:14–24, 109:7–19, 165:19–166:22.

[30] Docket No. 27, at 7.

[31] *Id*. at 15.

instructed to do," and in his deposition admitted that he "did it," but that it was "[Walmart's] fault" because they failed to implement proper safety procedures.[32]

Plaintiff argues that this "trend" of unfair discipline is "a plot" against him because of his protected characteristics.[33] He also alleges that some of the disciplinary actions against him "were at such strong variance with [Walmart's] own policies and industry practices and its treatment of him so much more harsh than it [sic] treatment of other drivers who also made mistakes."[34]

However, as argued by Defendant, the Court finds that "[t]here is simply no evidence connecting Plaintiff's termination to his race, national origin, or religion."[35] Aside from his own subjective belief and testimony that Walmart acted with a discriminatory motive, Plaintiff provides no evidence to raise an inference of discrimination. Plaintiff identifies no policy that Walmart violated, no industry practice from which Walmart deviated, and no similarly situated employee who received more favorable treatment.[36] Plaintiff produces no evidence of discriminatory remarks made to him during his employment,[37] nor any other evidence that could raise an inference of discrimination. Plaintiff's subjective belief that he was disciplined and fired

---

[32] *Id*. at 20, 21.

[33] *Id*. at 20, 23.

[34] *Id*. at 39.

[35] Docket No. 24, at 17.

[36] *See* Docket No. 24-3, at 108:6–10, 111:11–24.

[37] *Id*. at 142:15–20. There is evidence of two remarks being made to Plaintiff regarding his religion, neither of which appear discriminatory. First, Plaintiff testified that one of Plaintiff's managers stated "Mohamed, Friday you were late. Did you go to the mosque? We can give you Friday off since you are Muslim." *Id*. at 37:7–11. Second, Plaintiff testified that the same manager, when giving gifts for thanksgiving gave him meat and stated "Mohamed, this doesn't have pigs on it, doesn't have pork," assumedly based on his understanding that Muslims do not eat pork. *Id*. at 167:11–19.

on the basis of his protected characteristics, without any other evidence, is insufficient to raise an inference of discrimination.[38]

However, even if the Court assumed that Plaintiff sufficiently raised an inference of discrimination, he fails to create a genuine issue of material fact that Walmart's legitimate, non-discriminatory reasons for firing him were pretextual. Pretext may be demonstrated by "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's explanation."[39] "The critical question regarding this aspect of the *McDonnell Douglas* rubric is whether a reasonable factfinder could rationally find the employer's rationale unworthy of credence and hence infer that the employer did not act for the asserted non-retaliatory reasons."[40] This analysis must consider facts as they appeared to Walmart to determine whether it "honestly believed those reasons and acted in good faith upon those beliefs."[41]

The undisputed record shows that Plaintiff had a significant and extensive history of policy violations and performance issues, culminating in his termination. Plaintiff does not

---

[38] *Conrad v. Bd. of Johnson Cnty. Comm'rs*, 237 F. Supp. 2d 1204, 1244 (D. Kan. 2002) ("Contentions and beliefs are not evidence and cannot be used to create issues of fact where none exists.") (citing *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1408 n.7 (10th Cir. 1997) ("[S]ubjective belief of discrimination is not sufficient to preclude summary judgment."); *Jara v. Standard Parking*, No. 15-CV-02018-MSK-MJW, 2016 WL 9632937, at *4 (D. Colo. Dec. 22, 2016), *aff'd*, 701 F. App'x 733 (10th Cir. 2017) (finding that "[i]n the absence of other allegations, such as statements or conduct that would support an inference of race-based discrimination" "[a] plaintiff's subjective beliefs, standing alone, are insufficient to make a showing of race-based discrimination" under section 1981); *Taft v. Utah Dep't of Agric. & Food*, 622 F. Supp. 3d 1073, 1092 (D. Utah 2022) (finding that "an employee's subjective" belief that a condescending comment was "invidious in nature" "does not support an inference of discriminatory intent").

[39] *Walkingstick Dixon*, 125 F.4th at 1321 (internal quotation marks and citation omitted).

[40] *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1234 (10th Cir. 2015) (internal quotation marks and citation omitted).

[41] *Berry v. T-Mobile USA, Inc.*, 490 F.3d 1211, 1220 (10th Cir. 2007) (internal quotation marks and citation omitted).

dispute that the incidents occurred, just that they were unfair, which in his mind demonstrates that they were discriminatory. However, under Title VII, the court's role "is to prevent intentional discriminatory . . . practices, not to act as a super personnel department."[42] Accordingly, the relevant inquiry is not whether Walmart's discipline and termination of Plaintiff was "wise, fair or correct."[43] Thus, even assuming that Walmart's application of its rules and policies to Plaintiff was "harsh, unreasonable, or mistaken,"[44] Plaintiff's claim fails as a matter of law because the evidence presented is not sufficient such that a reasonable factfinder could find the employer's rationales unworthy of credence.

In other words, absent any evidence of a discriminatory motive, and with undisputed evidence of continued performance and safety deficiencies, Plaintiff's subjective belief that Walmart's disciplinary actions were taken as result of his protected characteristics are insufficient to support that Defendant would not have taken those actions "but-for" his race, national origin, or religion.[45]

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 24) is GRANTED.

---

[42] *Young v. Dillon Co., Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (internal quotation marks and citation omitted).

[43] *Id*. (internal quotation marks and citation omitted).

[44] *Whittington v. Nordam Grp. Inc.*, 429 F.3d 986, 998 n.1 (10th Cir. 2005).

[45] *See Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020) (explaining that under Title VII a plaintiff must establish that "a particular outcome would not have happened 'but for' the purported cause").

DATED July 2, 2026.

BY THE COURT:

_____
Ted Stewart
United States District Judge

9